UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| VICTOR D. PHILLIPS, JR., <br><br> Plaintiff, <br><br> v. <br><br> STATE OF INDIANA CT, STEPHANIE STEELE, ANDREW A. KRUMWIED, and DRAKE PAUWELS, <br><br> Defendants. | CAUSE NO. 3:24-CV-181-PPS-JEM |

OPINION AND ORDER

Victor D. Phillips, Jr., a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Phillips, who is Muslim, alleges that on December 17, 2023, he placed a call for a welfare check and patrol unit to survey the area at Western Avenue and Lombardy Drive in South Bend, Indiana. ECF 1 at 2. He was concerned because there appeared to be suspicious activity that may have been related to his family and their safety. *Id*. Phillips does not describe the suspicious activity that prompted his call. *Id*. He asserts

there have been ongoing incidents that have taken place in public and nonpublic places for the past two years following the death of a family member. *Id*. Phillips does not describe the incidents he is referencing, but indicates he has reported the various incidents to law enforcement agencies and the State of Indiana. *Id*. He believes that he and his family are being targeted by members of "shadow governments" and criminal organizations because he has spoken up about the ongoing incidents. *Id*. at 2-3. The lives of his family have dramatically changed as they have been threatened in response to the ongoing incidents. *Id*. at 3.

Phillips states that, as a result of the ongoing incidents, he was charged with two counts of unlawful possession of a firearm and has been illegally and unconstitutionally held against his will at St. Joseph County Jail. *Id*. He contends the Indiana courts have been biased against him, which has caused him physical and emotional stress. *Id*. He states he wants to overturn his conviction and charge all parties as perpetrators, but court records show he has not yet been convicted. *State v. Phillips*, No. 71D03-2312-F5-000445 (St. Joseph Super. Ct. filed Dec. 18, 2023), available at mycase.in.gov.[1]

As an initial matter, Phillips's complaint is unclear, vague, and quite difficult to decipher. He does not explain what relief he is seeking or tie any of his allegations to the defendants he has named in this case. While Phillips may be attempting to assert an unlawful or false arrest claim, he has not presented the facts or events in this case in a

---

[1] The court is permitted to take judicial notice of public records at the pleading stage. *See* Fed. R. Evid. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

way that I can ascertain the circumstances giving rise to his arrest. Thus, his current complaint does not state a claim.

Phillips also cannot proceed against the defendants he has named in this case. First, he has sued the State of Indiana courts, but under Indiana law, a superior court is not an entity that has the capacity to sue or be sued. *See* IND. CODE § 36-1-2-10; *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (under Indiana law only counties, municipalities, townships, and other entities listed in Ind. Code § 36-1-2-10 have the capacity to sue or be sued). Therefore, he cannot proceed against the State of Indiana courts.

Next, he has sued Judge Stephanie Steele, a St. Joseph County Superior Court Judge. "A judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action [s]he took was in error, was done maliciously, or was in excess of h[er] authority; rather, [s]he will be subject to liability only when [s]he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Phillips cannot proceed against Judge Steele.

Phillips has also sued Deputy Prosecuting Attorney Andrew A. Krumwied. However, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or

3

evidence. *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003). Therefore, he may not proceed against Deputy Prosecuting Attorney Krumwied.

Lastly, Phillips has sued South Bend Police Officer Drake Pauwels. While unclear from his complaint, he may be asserting a false arrest claim against Officer Pauwels. To prevail on a false arrest claim brought pursuant to the Fourth Amendment, the plaintiff must show a lack of probable cause. *McBride v. Grice*, 576 F.3d 703, 706-07 (7th Cir. 2009); *Simmons v. Pryor*, 26 F.3d 650, 654 (7th Cir. 1993). "Probable cause is an absolute defense to any claim under § 1983 for wrongful arrest or false imprisonment." *Bailey v. City of Chicago*, 779 F.3d 689, 694 (7th Cir. 2015); *see also Norris v. Serrato*, 761 F. App'x 612, 615 (7th Cir. 2019) (the existence of probable cause precludes § 1983 claims "for an allegedly unreasonable seizure, whether a false arrest or a wrongful pretrial detention"). "Police officers have probable cause to arrest an individual when the facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed an offense." *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006) (quotation omitted); *see also Whitlock v. Brown*, 596 F. 3d 406, 411 (7th Cir. 2010) ("[P]robable cause is a common-sense inquiry requiring only a probability of criminal activity; it exists whenever an officer or a court has enough information to warrant a prudent person to believe criminal conduct has occurred."). Because Phillips does not explain why he is suing Officer Pauwels, he may not proceed against him.

Even if Phillips had alleged a viable false arrest claim against South Bend Police Officer Pauwels, that claim would be precluded by *Younger*. Under the *Younger*

4

abstention doctrine, "federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings." *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). This is because "underlying principles of comity, equity, and federalism" are at play in such situations. *J.B. v. Woodard*, 997 F.3d 714, 724 (7th Cir. 2021). Here, Phillips seems to claim that he is innocent of the pending criminal charges filed against him and that South Bend Police Officer Pauwels had him falsely charged and prosecuted. This claim involves "issues that may be litigated during the course of his criminal case." *Gakuba*, 711 F.3d at 753. "Deciding those issues in federal court could undermine the state court proceeding[.]" *Id.* While I will allow Phillips to file an amended complaint, if he is able to state a claim against South Bend Police Officer Pauwels, this matter would need to be stayed pending resolution of his criminal charges.

This complaint does not state a claim for which relief can be granted. If Phillips believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

ACCORDINGLY, the court:

5

(1) GRANTS Victor D. Phillips, Jr. until **August 21, 2024**, to file an amended complaint; and

(2) CAUTIONS Victor D. Phillips, Jr. if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

ENTERED: July 26, 2024.

                                        /s/   Philip P. Simon
                                        PHILIP P. SIMON, JUDGE
                                        UNITED STATES DISTRICT COURT